## GUNDRY VS. WHITTLESEY.

A summons, *complaint not served*, which stated that on defendant's failure to answer within twenty days, &c., plaintiff would take judgment "for the sum of *two hundred and fifty*, with ten per cent. interest from" &c., is fatally defective, and the word "dollars" will not be supplied by construction to sustain a judgment taken by default.

APPEAL from the Circuit Court for *Dane* County.

*Wakeleys & Vilas*, for appellant.

*H. D. B. Cutler* and *J. C. Hopkins*, for respondent.

*By the Court*, COLE, J.   This is an appeal from a judgment which was entered on default.   One ground relied on to show that the judgment is irregular, is a defect in the summons. The summons, after requiring the defendant to answer the complaint in the action (which would be filed with the clerk of the circuit court), within twenty days from the service of the summons, went on and stated that on the defendant's failure to answer within that time, the plaintiff would take judgment " for the sum of *two hundred and fifty*, with ten per cent. interest from the 11th day of September, 1861, besides the costs of this action." No copy of the complaint was served.   The objection is, that the summons fails to state the sum of money for which judgment will be taken, and that this is a fatal defect.   We think the point well taken.   Where an action is brought upon a contract for the recovery of money only, the statute says that the plaintiff shall, among other things, insert in the summons a notice that he will take judgment "*for a sum specified therein*," if the defendant fails to answer.   Subd. 1, sec. 3, chap. 124, R. S. In certain cases the clerk is authorized to enter judgment " for the amount claimed in the summons." Subd. 4, sec. 27, chap. 132. These provisions of law, as well as the general principles and rules of practice, would seem to require that the amount for which judgment would be taken should be stated in the summons.   For there is certainly nothing about the suit which is more material, or which the defendant can have a greater interest in being informed about, than the sum for which judgment will be taken.   It is said, however, that the word omitted in this summons is evidently the word " dollars," which is a mere clerical mistake, and should either be supplied by construction or disregarded.   This suggestion was well answered

by the counsel for the appellant, who pertinently said, if the court would supply the word " dollars" it might likewise supply the word "thousand," or any other language which would make sense with the context. It appears to us that we can neither supply so material a part of the summons, nor disregard the omission. In New York it has been held that a summons which did not mention the court from which it emanated, was radically defective. *Dix v. Palmer et al.*, 5 How. Pr. R., 233; *James et al. v. Kirkpatrick*, id., 241; and it would seem to be quite as important to specify in the summons the amount for which judgment would be taken on default as to mention the court in which the suit was commenced. Had the complaint been served with the summons, it might with some reason have been said that the amount would appear in it. But no complaint was served by which the omission could be supplied, and it does not seem to be holding attorneys to an unreasonable degree of care and accuracy in drawing a summons, to require that the summons should specify the sum for which judgment will be taken.

It is not necessary to notice the objections taken to the complaint.

The judgment of the circuit court is reversed.